IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| BARDON, INC., d/b/a<br>AGGREGATE INDUSTRIES,<br><br>       Petitioner,<br><br>v.<br><br>NATIONAL LABOR<br>RELATIONS BOARD<br><br>       Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 22-1340<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>MOTION TO INTERVENE</u>**

COMES NOW, the International Brotherhood of Boilermakers (hereinafter "the Union"), by and through its undersigned counsel, and hereby moves to intervene in the above-captioned matter. The Union seeks to intervene to urge affirmance of the National Labor Relation Board's decision in this matter. The Union seeks to appear as a full party to the proceedings, including the right to file briefs and be heard at oral argument, assuming the Court schedules argument in this matter. Counsel for the above-referenced parties to this proceeding have been informed of the intended filing of this motion, and each indicated that they have no objection to the Union's motion to intervene in this matter.

In support of this motion, the Union states as follows:

1

As set forth in the Petition for Review, the instant case arises out of a decision by the National Labor Relations Board (hereinafter "the Board"), finding that the Petitioner, Bardon Inc., d/b/a Aggregate Industries (hereinafter "the Petitioner") violated Sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) and § 158(a)(3). The Board found that Petitioner violated the Act by discriminating against and unlawfully discharging employees because of their protected concerted activities and/or their support for the Union. The Board further found that Petitioner violated the Act by creating the impression that employees' union activities were under surveillance and threatening employees with unspecified reprisals if they selected the Union as their collective bargaining representative, and by coercively interrogating employees about their Union sympathies, and how they intended to vote in a representation election. The Board lastly found that the Petitioner violated the Act by questioning an employee in preparation for a hearing without adhering to the appropriate standards as set forth in *Johnnie's Poultry*, 146 NLRB 770 (1964).

The Union initiated the proceedings before the Board by filing an unfair labor practice charge against the Petitioner in Region 5. The Regional Director investigated the Union's charges, and issued an unfair labor practice complaint against the Petitioner. A hearing on such complaint was held before Administrative Law Judge Paul Bogas. The Union, who was represented by the undersigned counsel

at the hearing, participated in the examination of witnesses and presentation of evidence at the hearing, and submitted a post-hearing brief to Administrative Law Judge Paul Bogus following the closing of the hearing.

On July 2, 2021, Judge Bogas issued his decision in which he concluded, *inter alia*, that the Petitioner violated the Act as set forth above. Thereafter, the Petitioner filed exceptions to Judge Bogas' decision with the Board, pursuant to 102.46 of the Board's rules and regulations. The Union filed a Response brief to Petitioner's exceptions before the Board.

In general, unfair labor practice proceedings before the Board are set in motion by the filing of a charge by a private person or organization. If the charges result in a complaint being issued against the charged party, the course of the subsequent litigation before the ALJ and before the Board is controlled by the General Counsel to the Board. *See* 29 U.S.C. § 160(b); *See also* 29 C.F.R § 102.15. However, the charging party is accorded formal recognition as a "party" to the proceedings, with the right to present evidence, cross-examine witnesses, and to file post-hearing briefs. *See* 29 C.F.R § 102.38; *See also* 29 C.F.R § 102.42.

The Supreme Court has held that a successful party in NLRB proceedings has a right to intervene in Court of Appeals proceedings to review the Board's order. *International Automobile, Aerospace and Agr. Implement Workers of America, Local 283 v. Scofield*, 382 U.S. 205, 208 (1965). In doing so, the Court noted that

allowing intervention served the interest of judicial efficiency, as where an appellate court reverses the Board and remands the case for further proceedings, the charging party is likely to appeal the result of the Board's decision on remand. *Id*. at 212-13; 220. Granting the successful charging party the right to intervene allows the Court of Appeals to hear and consider the arguments of all parties in a single proceeding, accelerating final resolution and limiting duplicate proceedings. *Id*. The Court further reasoned that permitting intervention insures fairness, as otherwise a party may be deprived of the relief it obtained through the administrative process without having an adequate opportunity to present their arguments to a reviewing court that has not already "crystallized its views." *Id*. at 213-14.

The Court further found no legislative intent to refuse to "afford the successful party to a Labor Board proceeding an opportunity tantamount to that of the unsuccessful party in persuading an appellate court," concluding that a successful charging party "should not be prejudiced by [their] success before the agency." *Id*. at 222.

Decisions since *Scofield* have routinely granted successful charging parties the right to intervene in subsequent appellate proceedings. *See Insurance Workers International Union v. NLRB*, 360 F.2d 823, 824 (D.C. Cir. 1966); *NLRB. v. Local No. 2*, 360 F.2d 428 (2d Cir. 1966); *NLRB. v. Nashville Building & Construction Trades Council*, 383 F.2d 562, 563 (6th Cir. 1967); *J.P. Stevens & Co. v. NLRB*, 388

4

F.2d 892, 895 (4th Cir. 1967); *Arizona Public Service Co. v. NLRB*, 453 F.2d 228, 230 n.3 (9th Cir. 1971); *NLRB v. Harvstone Manufacturing Corp.*, 785 F.2d 570, 579-580 (7th Cir. 1986).

Here, the Union participated fully in every phase of the proceedings below. The Union initiated the charge leading to the issuance of the complaint, participated in the trial before the Administrative Law Judge, submitted a post-hearing brief to the Administrative Law Judge, and submitted a brief to the Board in support of the ALJ's decision.

For these reason, the Union respectfully requests that the Court enter an order granting the Union's motion to intervene in this matter.

Respectfully Submitted,

*/s/ Brandon E. Wood*
Brandon E. Wood
Blake & Uhlig, P.A.
753 State Ave., Suite 475
Kansas City, KS 66101
(913)321-8884
bew@blake-uhlig.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 13, 2022, the foregoing Motion to Intervene was e-filed and served upon the below parties via e-mail and U.S. mail to the addresses listed below:

| | |
|---|---|
| Barbara E. Buchanan<br>Terrence J. Miglio<br>Butzel Long, PC<br>301 East Liberty Street<br>Suite 500<br>Ann Arbor, MI 48104<br>buchanan@butzel.com<br>miglio@butzel.com<br><br>Blake Padget<br>Joseph Edward Richotte<br>Butzel Long, PC<br>1200 Columbia Center<br>201 West Big Beaver Road<br>Troy, MI 48084<br>padget@butzel.com<br>richotte@butzel.com<br>**Attorneys for Petitioner** | Ruth E. Burdick<br>Deputy Assistant General Counsel<br>National Labor Relations Board<br>1015 Half Street, SE<br>Washington, DC 20003<br>appellatecourt@nlrb.gov<br><br>Oluwatosin Faderay<br>Andrea Joie Vaughn<br>National Labor Relations Board<br>Region 5<br>100 South Charles Street, Suite 600<br>Baltimore, MD 21201<br>Andrea.vuaghn@nlrb.gov<br>Oluwatosin.fadarey@nlrb.gov<br>**Attorneys for Respondent** |

/s/ Brandon E. Wood